**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JAMES WESTRAY,**<br>**#N96339,** | ) <br> ) <br> ) |
| **Petitioner,** | ) <br> ) |
| **vs.** | )     **Case No. 19-cv-00728-NJR** <br> ) |
| **D. D. BROOKHART,** *Warden*, | ) <br> ) |
| **Respondent.** | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner James Westray, an inmate of the Illinois Department of Corrections currently incarcerated at Lawrence Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.

Westray pleaded guilty to two counts of first-degree murder and was sentenced to death by a jury. *People v. Westray*, Case No. 98-CF-314 (Circuit Court of Williamson County, Illinois). He alleges he received ineffective assistance of counsel during the sentencing hearing and in postconviction proceedings. While Westray's case was on appeal, his death sentence was commuted to natural life imprisonment by former Illinois Governor George Ryan. The state appellate court held the commutation mooted any challenge to sentencing. *People v. Westray*, 2018 ILApp (5th) 140457-U (Apr. 30, 2018). In habeas actions, however, the Seventh Circuit has held that commutation of a sentence does not moot a challenge to sentencing where there is the possibility of a lesser sentence. *Simpson v. Battaglia*, 458 F.3d 585, 595 (7th Cir. 2006); *Madej v. Briley*, 371 F.3d 898, 899 (7th Cir. 2004).

The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Without commenting on the merits of Petitioner's claim, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b). Given the limited record, it is not plainly apparent that Petitioner is not entitled to habeas relief.

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead **on or before October 16, 2019**. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk of Court (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  September 16, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**